Barter *v.* Martin.

any statute of that State, existing before the separation, has been adopted here, having already received a judicial construction, it was to be presumed that our legislature intended to adopt the construction, together with the statute. *Ellis v. Page* 1. *Pick.* 45.

## BARTER *vs.* MARTIN.

Whether, in an action upon a statute, the omission of the words *contra formam statuti,* can be supplied by any other words of equivalent import; *quære.*

In an action against a constable for the penalty given by *Stat.* 1821, *ch.* 92, *sec.* 9, for serving a Justice's execution and taking fees before he had given bond, it is necessary that the amount of the debt should be set forth, that it may appear that the precept was within his authority to serve.

THIS was an action of debt, for the penalty given by *Stat.* 1821, *ch.* 92, against the defendant, as constable of the town of *St. George,* for having on the 10th day of August 1825, served a certain writ of execution issued by *Joseph Sprague,* Esq. a Justice of the Peace for this county, in favor of one *Ira Gibbs,* against one *Henry Knox Murphy ;* and for having on the 30th day of *July* 1825, served another writ of execution issued by the same magistrate in favor of one *John Barter* against one *William Marshall,* before he had given the

Barter *v.* Martin.

bond required by law; and alleging that he "did then and there ask for and receive fees for so doing, *contrary to an act* of this State entitled "an act defining the general powers and duties and regulating the office of Sheriffs and Constables;" whereby the said *Martin* hath forfeited, and an action hath accrued to the plaintiff, *according to the form of said act,* to sue for and recover of the said *Martin* a sum not less than twenty nor more than fifty dollars, *according to the statute* in that case made and provided." It was not alleged that the executions issued on judgments rendered by the Justice; nor was the amount stated, for which they were issued.

The defendant pleaded that on the 20th day of *August* 1825, and before the commencement of this action, he "executed in due form of law to the treasurer of said town of *St. George,*" a sufficient bond with sureties, bearing date *May* 2d, 1825, conditioned for his faithful performance of all the trusts and duties relating to his office, " as to all processes by him served or to be served;" which he sets forth in *hæc verba ;* but excuses the want of a *profert,* by saying that the bond remains in the hands of the treasurer.

The plaintiff hereupon demurred in law ;—because the defendant had not alleged that the bond was delivered prior to the 20th day of *August* 1825, which was after the acts complained of;—and because no sufficient reason was assigned for want of a profert.

*Allen,* in support of the demurrer, relied on the first cause assigned, the bond taking effect from the time of delivery, and not from the date.

*Ruggles,* for the defendant, said that the object of the statute was to give security to the parties ; and this was sufficiently attained by the terms of the bond, which extended to processes already served.

But if the plea is bad, so is the declaration, in that it does not allege that the amount of the debt was less than a hundred dollars. For this does not follow from the circumstance that the execution was issued by a Justice of the Peace; since they may issue executions on recognizances of debt, entered into between party and party before them, to any amount.

Nor does it allege that the offence was committed " against

the form of the statute ;" which are material words, the omission of which no other form of expression can supply. *Heald v. Weston* 2. *Greenl.* 348.    *Sears v. United States* 1. *Gal.* 257.    *Lee v. Clark* 2 *East.* 333.    1. *Chitty on Pl.* 357. 358.

Further, the action is misconceived in its form. Debt does not lie in cases like this, where the amount of the penalty is uncertain ; unless it can readily be fixed by some known rule.    1. *Chitty on Pl.* 105.

*Allen,* in reply, said that as the law did not authorise a Justice of the peace to direct to a constable any precept in which the debt demanded was more than a hundred dollars, it was to be presumed that the executions in this case were properly in the defendant's hands for service, and within the scope of his authority. If they were not, he could not avail himself of his own wrong in transcending the limits prescribed to him by the law. ·

As to the want of the allegation of *contra formam statuti,* he contended that the language of the declaration sufficiently imported it. And if it did not, the objection is not open to the defendant, the demurrer being general in its nature, so far as any thing beyond the plea is concerned.

WESTON J. delivered the opinon of the Court at the ensuing term in *Kennebec.*

The plea, not averring the execution of the bond before the service by the defendant of the processes set forth in the declaration, is clearly bad, affording to the defendant no justification or excuse. But his counsel insists, that the declaration also is substantially defective ; if so, notwithstanding the badness of his plea, the defendant is entitled to judgment. The plaintiff sues for a penalty given by statute ; he is bound, therefore, to present a case strictly within it, and to omit nothing which the law deems to be essential in the form of declaring. The first objection taken is, that the neglect or default charged, is not averred to be against the form of the statute, in such case made and provided. The use of this phrase has in so many cases been held to be matter of substance,

that it seems to be too late to question their authority. If it were *res integra*, it might be at least questionable whether much of the extreme nicety in relation to this averment, ought not rather to be regarded as form than substance. In one of the cases, cited from *Gallison*, it would seem that the omission of the usual technical language, cannot be supplied by other words of equivalent meaning, however precise and unequivocal. But the possibility of this is admitted by Justice *Jackson*, in delivering the opinion of the court in the *Commonwealth v. Stockbridge*, 11. *Mass*. 279, and it is urged that if this intimation is well founded, the omission is sufficiently supplied in the case before us. We are not, however, to be understood as admitting the truth of this position; but, upon this very nice and shadowy point, we do not feel ourselves constrained at this time to give an opinion; as we are satisfied the declaration is defective upon another ground, of a more substantial character.

By the revised laws, *ch.* 92. *sec.* 9, upon which this action is founded, any constable is authorized and empowered to serve upon any person or persons, in the town or plantation to which he may belong, any writ, summons, or execution in any personal action, where the damage sued for, or recovered, shall not exceed one hundred dollars, provided before he serve the same, he give bond to the treasurer of the town, in the sum of two hundred dollars, with two sureties, sufficient in the opinion of the selectmen and town clerk, for the faithful performance of his duties and trust, as to all processes by him served or executed. The processes last mentioned must be limited to such as are lawfully in his hands, and within his jurisdiction. The liabilities of his sureties could not, upon any sound construction, be extended farther; as they must be deemed to undertake only for the faithful performance of his duty, in relation to such processes as he might serve as constable. Were it otherwise, he might be held liable, in one process exceeding his jurisdiction, to an amount, which would absorb the whole penalty, leaving unprotected processes within his jurisdiction; although it was the faithful performance of his duty in regard to these, which the bond was manifestly intended to secure. It ought, therefore, clearly to appear, that the processes, set forth in the declaration,

were of this description. The process stated in the first count, is a writ of execution, in favor of one *Ira Gibbs*, against one *Henry Knox Murphy*, which said writ was issued by *Joseph Sprague*, Esqr. a Justice of the Peace for said county. The process in the second count, is averred to be a writ of execution, which was issued by the same justice, in favor of one *John Barter*, against one *William Marshall.* The amount of neither is stated ; nor is either averred to have issued upon a judgment. It is insisted, however, that all processes, issuing from a justice, must necessarily be within a constable's jurisdiction ; and these appearing to be of that description, the plaintiff was not bound to aver that they were such as a constable might serve. If this were true, it might be replied, that in a penal action, an essential fact ought to be directly averred, instead of being left to be gathered by argument and inference. But it is not true ; for by the revised laws, *ch.* 77, providing a speedy method of recovering debts, a justice of the peace may take a recognizance, and issue an execution thereon, to an unlimited amount. There is nothing, then, in the declaration, from which we can infer that the processes therein described, were within the jurisdiction of a constable. They might have issued upon recognizances, and each have exceeded the sum of one hundred dollars.

It has been contended by the counsel for the plaintiff, that this objection is not open to the defendant, inasmuch as it would be taking advantage of his own wrong ; being founded upon the suggestion, that these processes, which he is alleged to have served, might not have been within the limits of his authority. But he has a right to insist, when the validity of the declaration is drawn in question by demurrer, that it should contain every averment material to sustain the action ; and that, unless this distinctly appear, he cannot be charged. The defendant relies that he is not legally called upon to answer ; not upon the ground that he has done no wrong on his part, but because the plaintiff has not shewn with sufficient certainty, which he was bound to do, that the penalty attached.

The opinion of the Court is, that the declaration is bad ; and that there must therefore be judgment for the defendant.